

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2006

# Shah v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Shah v. Atty Gen USA" (2006). *2006 Decisions.* Paper 568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2375
_____

SYED RASHID AHMAD SHAH,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A95 959 966)
Immigration Judge: Honorable Annie S. Garcy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
August 17, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed August 18, 2006)
_____

OPINION
_____

PER CURIAM

Syed Rashid Ahmad Shah, a native of Pakistan, petitions for review of a final

order of removal issued by the Board of Immigration Appeals (BIA). For the following

reasons, we will deny Shah's petition for review.

Shah was admitted as a visitor to the United States in August 2001 with authorization to stay until February 7, 2002. In February 2003, the government charged Shah with removability for overstaying his authorized period. An Immigration Judge (IJ) found Shah removable as charged, and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In rendering her decision, the IJ disbelieved much of Shah's testimony and ruled that he had failed to provide sufficient evidence to support his claims. The Board of Immigration Appeals (BIA) agreed with the IJ's adverse credibility determinations and affirmed her decision. Shah filed a timely petition for review.

We consider first Shah's challenge to the interpreter's translation of his testimony before the IJ. The transcript of the hearing indicates that Shah testified that he had been arrested many times in Pakistan after demonstrating against the government. After noting that Shah's asylum application mentions no arrests, the IJ made an adverse credibility determination based on the inconsistency of his testimony with his application. Shah asserts that the interpreter mistranslated the Urdu word for "confrontation" as "arrest," and that most of his confrontations with the police did not result in arrest. Even if he is correct, to the extent that his confrontations with the police form the basis of a claim of past persecution, his asylum application should have described these confrontations, even if he was not always arrested.

Shah also challenges the adverse credibility determination regarding his claim of a well-founded fear that he will be persecuted if he is returned to Pakistan. Shah testified

2

that criminal charges were pending against him based on his political activities in Pakistan. When questioned, Shah could not identify any specific charges pending against him and provided no documentation supporting his testimony. Likewise, his asylum application mentioned no pending criminal charges against him and indicated that he had never been arrested. Shah also alleged that false charges would be brought against him if he returned, but again he could provide no specific information or documentation to support this allegation.

We have reviewed the record as a whole and find ample support for the IJ's adverse credibility determinations, as affirmed by the BIA. Because these findings are supported by substantial evidence, we will not disturb them. See Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir. 2005). Accordingly, we will deny Shah's petition for review.